## ALOISIO v. SEIMS–HELMERS, Inc., et al.
### No. 16094.

Court of Appeal of Louisiana. Orleans.
May 27, 1935.

Deutsch & Kerrigan & Burke, of New Orleans, for appellants.

Geo. Piazza, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for compensation under Act 20 of 1914, as amended. The principal and in fact practically the sole question is whether the employee has recovered from his injuries, and, if so, when he had sufficiently recovered to permit of his returning to work. In the district court there was judgment on the basis of total disability for a period not in excess of 300 weeks. Defendants, the employer, and the employer's insurer, have appealed.

It is admitted that the employee was injured on September 25, 1933, when a fellow employee fell upon him from a height estimated at from 15 to 25 feet, and that he was totally disabled until December 26, 1933, and that during that period he was paid compensation on the proper basis. It is also conceded that the original injury consisted, in the main, of linear fractures of two of the employee's vertebræ and there is no doubt that, as the result of time, complete union has taken place in each of the fractures, without faulty alignment or deformity, and that no apparent injury to the spinal cord has resulted. There is also no doubt that, at the time of the trial, although the employee still asserted that he continued to suffer such pain as made it impossible for him to return to work, none of the well-known specialists, including two who testified on his behalf, could find any objective symptoms which, in their judgment, should cause the continued existence of pain. The question, then, which confronts us, is this: "When there has been a serious injury, evidence by objective symptoms, and compensation has for a time been paid, should the courts award further compensation on the unsupported statement of the claimant that he continues to suffer pain, although there is no objective or discoverable pathological reason therefor?"

The problem here is made exceedingly difficult because of the fact that there seems to be no doubt whatever that the injured employee, throughout the entire period during which he was under the observation of the various surgeons and specialists, co-operated to the fullest extent and gave to none of them any evidence of malingering. One of his witnesses, a surgeon of recognized ability, states that, though he can find no objective evidence of anything which might cause the pain of which the plaintiff continues to complain, still he (the surgeon) has become so convinced of the sincerity and good faith of the plaintiff that, in spite of the absence of objective symptoms, or pathological signs, he is willing to believe that there must still be pain.

We deem it unnecessary to discuss in detail the findings of the various surgeons and specialists. Suffice it to say that each is an outstanding expert in his particular branch, and that all agree that at some time in the year 1934 the employee's condition, as evidenced by objective symptoms, was normal. They do not agree as to the time at which the last external evidence of disability disappeared, nor as to the exact time at which he could have returned to work, but we cannot read their respective statements without becoming convinced that each felt that even the pain of which the employee still complains should disappear after a short period of normal muscular activity. We feel that there can be adopted no fixed, unalterable rule that, in such situation, the views of the doctors must always be accepted, and we realize that there may be cases in which, to reject the statement of a previously injured employee that he is still suffering pain merely because the truth of such statement cannot be proven by objective symptoms, will work injustice. Perhaps this is such a case. But we are much impressed with the thoroughness with which each of the doctors examined the plaintiff here, and with the certainty with which to our minds each possible cause for pain has been shown not to exist.

We feel that, though the record shows that all spinal injuries are serious, and though all fractures of the spine may cause disarrangement of the nervous system or other permanent injuries, the evidence shows conclusively that such did not take place here. There was no faulty alignment; there were no nervous disorders; plaintiff's own surgeons showed rather conclusively that there was no sacroiliac sprain, though they both discussed sacroiliac sprain and stated that it is very difficult to diagnose it with certainty. They also state that though they feared the appearance of Kummell's disease, as a matter of fact this dreaded disease did not make its appearance, and though they both discussed the possibility of arthritis, they conclusively showed that there was no evidence of arthritis of a degree sufficient to cause the pain of which the employee complained.

We feel, therefore, that in view of this evidence, there is a much greater danger of our being in error if we act on the unsupported

statement of the plaintiff than if we follow what we are convinced is the unanimous opinion of the doctors. We are so well convinced of this from the record that we conclude that there is manifest error in the finding to the contrary, which is evidenced by the judgment from which the appeal is taken. However, since there is no unanimity of opinion as to the time at which the last objective symptoms disappeared, we will not err in accepting the latest date, which is the one given by Dr. Bradburn, who was one of plaintiff's doctors. He said that it was not until December, 1934, that he was willing to conclude that, so far as external signs were concerned, recovery had been complete.

Patently, the amount of the weekly award should be only $15.60. We find no error in the judgment so far as the amounts awarded for medical bills and expenses are concerned.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by reducing the amount of weekly compensation awarded to $15.60, and by reducing the period during which weekly payments shall be made to a period commencing December 26, 1933, and terminating December 1, 1934, each of the said payments to bear interest at 5 per cent. from the date on which it became due.

It is further ordered hat the judgment, as amended, be affirmed, the costs of the district court to be paid by defendants, the costs of this court by plaintiff-appellee.