168 So. 110

FRANTZ v. SCHROEDER.

No. 33794.

March 30, 1936.

Rehearing Denied April 27, 1936.

Martin E. Kranz and M. C. Scharff, both of New Orleans, for Charles E. Frantz.

St. Clair Adams & Son, of New Orleans, for William Schroeder.

FOURNET, Justice.

Plaintiff, Charles E. Frantz, instituted this suit for compensation and medical fees under the Employers' Liability Act against his employer, William J. Schroeder, alleging that, while in his employ and in the performance of his duties, he sustained a sacrolumbar and sacroiliac strain of his back, totally and permanently disabling him from performing any work of any reasonable character.

The defendant admitted the employment, but denied that the accident occurred as alleged and, if it did, that plaintiff did not show any objective symptoms of an injury, and, therefore, was not entitled to compensation under the statute.

The trial judge rendered judgment in favor of plaintiff, granting him compensation in the sum of $12.03 per week from November 9, 1933, to February 26, 1934, subject to a credit for previous payments, plus $15 for medical fees incurred. From that judgment plaintiff appealed devolutively, and the defendant answered the appeal, praying that the judgment appealed

from be set aside and that plaintiff's suit be dismissed.

The Court of Appeal for the Parish of Orleans reversed the judgment of the lower court on the theory that no objective symptoms of injury or conditions were proven and such symptoms as were established, were subjective, and therefore, under subsection 4 of section 18 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, § 1, the plaintiff could not recover. Frantz v. Schroeder, 164 So. 147.

The matter is now before us for review on writs granted by this court.

The pertinent part of subsection 4 of section 18 of Act 20 of 1914, as amended by Act No. 85 of 1926, § 1, reads as follows:

"All compensation payments provided for in this act, shall mean and be defined to be *for injuries* and only such injuries as are proven by competent evidence, *of which there are or have been objective conditions or symptoms proven,* not within the physical or mental control of the injured employee himself." (Italics ours.)

In 46 Corpus Juris, p. 846, "objective symptoms" is defined as follows: "In medicine, those which a physician, by ordinary use of his senses, discovers from a physical examination." And in a footnote thereunder, under the caption, "Not limited to symptoms ascertainable by touch," citing Van Vleet v. Public Service Co. of York, 111 Neb. 51, 53, 195 N.W. 467, 468, wherein the court quotes with approval from Manning v. Pomerene, 101 Neb. 127, 162 N.W. 492, as follows:

"Defendant's idea is that by objective symptoms are meant symptoms of an injury which can be seen, or ascertained by touch. *We are of the opinion that the expression has a wider meaning, and that symptoms of pain, and anguish, such as weakness, pallor, * * * sickness, nausea, expressions of pain clearly involuntary, or any other symptoms indicating a deleterious change in the bodily condition may constitute objective symptoms as required by the statute."* (Italics ours.)

See, also, Reeder v. Thompson et al., 120 Kan. 722, 245 P. 127; Dean v. Wabash R. Co., 229 Mo. 425, 129 S.W. 953.

We are assured that there is only one case in the jurisprudence of this state (and we found no other), Brown v. Joseph Rathbone Lumber Co., 11 La.App. 599, 600, 123 So. 383, decided by the Court of Appeal for the Parish of Orleans, touching upon the subject-matter, and from which we quote the following:

"The object of this provision of the Compensation Law [sub-sec. 4 of sec. 18, as amended] is to prevent imposition and fraud, but it is not intended to relieve an employer from the obligation to pay compensation within the limit fixed by the statute during the disability caused by the injury to the disabled workman, whether the objective symptoms have disappeared or not. *It is only necessary that there should have been 'objective conditions or symptoms proven,' and such subjective result as may be imputed to the original objective condition is compensable under the law."* (Italics ours.)

The state of Nebraska has an Employers' Liability Act (Comp.St.Neb.1929 § 48-152) in which there is a clause similar to subsection 4 of section 18 of our statute, which defines an "accident" as:

"An unexpected or unforseen event happening suddenly and violently, with or without human fault, and producing * * * objective symptoms of an injury."

And the Supreme Court of that state, in the case of Van Vleet v. Public Service Co. of York, supra, as expressed in the syllabus of the court, held:

"Where an employee of a gas company engaged in making service connection with a gas main is suddenly overcome by gas, becomes unconscious, weak and sick, held, an accident producing objective symptoms of injury within the meaning of the Employers' Liability Law."

■ The testimony of the plaintiff and Mora, his helper, is to the effect that the weight of the barrel of molasses suddenly fell against him and brought him down on his knees, causing him severe pains and weakness about his back to such an extent that he was forced to immediately discontinue his work and call his employer, who, within a half hour, replaced plaintiff and took him in his own car to Dr. Geismer for treatment. This testimony was uncontradicted by the defendant. It is our opinion that it sufficiently establishes the occurrence of an accident and resulting injuries for which the statute allows compensation.

This leaves for our determination the number of weeks' compensation to which plaintiff is entitled. The defendant's expert, Dr. Edward S. Hatch, in his report to defendant of February 3d, showed that plaintiff was unable to do work at that time and would probably recover within two or three weeks; he also testified that one affected with a congenital deformity, such as plaintiff had, responded less readily to treatment for a back injury than one with a normal spine. Plaintiff's expert, Dr. E. H. Maurer, testified that on June 12th plaintiff positively was not in physical condition to go to work, and although the next time he examined him on August 15th, he had sufficiently recovered to return to work, he was not able to fix a definite date when the plaintiff had completely recovered, not having examined him between June 12th and August 15th. But when asked by the court to give his opinion on the probable or approximate date of his recovery, he answered, "In about a month, four weeks."

■ After carefully reviewing all the testimony, we concluded that plaintiff is entitled to recover weekly compensation from the date of the injury, November 9, 1933, to July 10, 1934, at the rate of $12.03 per week, subject to the amount the record shows plaintiff received, i. e., ten weeks.

The only evidence in the record as to medical fees is that of Dr. Maurer, who testified that he charged $3 for the first visit and $1.50 for each of the subsequent visits and that there were eleven visits in all. Therefore, the aggregate amount for medical charges is $18 instead of $15. There is no additional evidence to prove other charges for medical fees or hospitalization.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is annulled and set aside and the judgment of the lower court is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, Charles E. Frantz, and against the defendant, William J. Schroeder, doing business in the name of the Film Delivery Service, for compensation, in the sum of $12.03 per week, from November 9, 1933, to July 10, 1934, subject to a credit of ten weeks, plus $18 for medical fees, together with legal interest on the sum of $18 from judicial demand and on all weekly installments from the date due, until paid; defendant to pay all costs of court.

O'NIELL, C. J., absent.