398 So.2d 551 (1979)
Ms. Earl Mae WELLER
v.
Margie BROWN, d/b/a Cattleman's Restaurant et al.
No. 12968.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
*553 C. Kris Kirkpatrick, Baton Rouge, for plaintiff-appellee Ms. Earl Mae Weller.
Alton Clay Pierce, Jr., Baton Rouge, for defendant-appellant Margie Brown, et al.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is a workmen's compensation case. The plaintiff, Ms. Earl Mae Weller, sued Margie Brown, d/b/a Cattleman's Restaurant, her employer, and the employer's insurer, Rockwood Insurance Company, for workmen's compensation benefits for an injury she sustained while working as a waitress on April 1, 1976, when she slipped and fell while waiting on tables, injuring her back.
The district court found the employee to be totally and permanently disabled and entitled to full statutory benefits, but denied her claim for penalties and attorney's fees. The defendants appealed; the plaintiff answered the appeal, seeking penalties and attorney's fees. We affirm.
The record establishes that the plaintiff, a waitress at Cattleman's Restaurant, slipped and fell on her coccyx while she was waiting on tables. She finished the day's work, but had to seek medical attention after work. (R 98) She was able to return to duty the next day, and continued to work until April 18, 1976, at which time she was terminated by her employer. The plaintiff testified to the injury, and to "hurting the whole time" she worked following the fall. (R 99) Thereafter, she worked sporadically as a cook on river tugs. Hattie Bethley, a co-employee at Cattleman's Restaurant, saw Ms. Weller's fall and picked her up. Mrs. Bethley testified that the plaintiff appeared to be working in pain. She expressed the opinion that Ms. Weller worked in pain during the time that she remained employed at Cattleman's Restaurant. (R 125) There was some medical evidence substantiating the back injury to the plaintiff, particularly that of Dr. John T. Howe. (R 82) Also, there was some evidence that the plaintiff made complaints of her back hurting prior to the accident. (R 82, R 112)
In view of these earlier back complaints, the appellants contend that the court below erred in not finding that the pre-existing back condition precluded the plaintiff from recovery of workmen's compensation benefits. There is no merit to this contention. The jurisprudence is clear that an employer takes an employee as he finds him. An employee's disability is compensable if a work-related accident aggravates or accelerates a pre-existing condition to produce disability. Cadiere v. West Gibson Products Company, 364 So.2d 998 (La. 1978); Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La. 1977). An employee who is abnormally susceptible to disability from an accident is entitled to workmen's compensation benefits even though the same accident or injury would have caused little or no harm to a healthy employee. Gales v. Great Atlantic & Pacific Tea Company, 342 So.2d 241 (La. App. 4 Cir. 1977), writ denied, 343 So.2d 1077 (La.1977).
The evidence in the record convincingly shows that Ms. Weller's pre-existing minor back complaints were substantially aggravated by this particular fall, which resulted in a fracture of the coccyx. Dr. Howe testified that she had only minor intermittent back pains before the accident, and that "she was able to function at least so that she could work." However, following the fall, Ms. Weller "developed really a *554 chronic pain syndrome which was constant and made her unable to work." (R 82)
In the trial judge's "Written Reasons for Judgment," he stated:
"Plaintiff had a good work history, was able to lead a productive life, and was happy until this fall but since then her personality has changed; she is a complainer and unable to work.
"He (Dr. John Howe) diagnosed her condition as a chronic pain syndrome. Additionally, he felt that she had a personality disorder which he described as a hostile dependent personality. Dr. Howe was of the opinion that plaintiff was disabled because of the pain syndrome and the psychiatric disorder. He also felt that her prognosis for recovery was not good."
In their second specification of error, the appellants contend that the judge a quo erred in failing to hold that the plaintiff had not carried her burden of proof in establishing her disability.
In discussing the question of burden of proof, the trial judge stated in his "Written Reasons for Judgment" (R 39):
"The court feels that several factors should be considered which definitely tend to assist plaintiff with her burden of proof, to-wit: her demeanor was good and she seemed to honestly portray her problems; she was a productive worker until her fall; she attempted to continue to work even after the fall. The various physicians who treated her all felt that she did indeed suffer from a low back disorder; and finally, the testimony from Dr. Howe, who obviously went to great depth with plaintiff in his effort to help her. The court feels that Dr. Howe was finally able to successfully diagnose her problem as being a mixed physical and psychiatric one. All these factors convinced the court that plaintiff established by a preponderance of the evidence that she is presently totally disabled."
In a workmen's compensation suit the employee must prove by a preponderance of the evidence that he received a personal injury arising out of and in the course of his employment and that a causal relationship exists between the injury and his disability. Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976). Once the employee has shown that there was an accident and a resulting disability without any intervening cause, the defendant bears the burden of rebutting a presumption that the accident caused the disability. Haughton v. Fireman's Fund American Insurance Companies, 355 So.2d 927 (1978).
At the trial the plaintiff testified that she slipped and fell to the floor while waiting on tables during the dinner rush, an accident within the definition of LSA-R.S. 23:1021. The existence of the injury is shown by the record. Ms. Weller's testimony that the accident caused or aggravated the back injury and the resulting substantial pain is supported by the testimony of Dr. Howe, Dr. Moak and Mrs. Bethley, her fellow employee at Cattleman's Restaurant. The absence of objective findings by some of the medical experts does not satisfy the defendant's burden of going forward with the evidence to show that the disability is not compensable.
On this question of burden of proof, the appellants strenuously argue that Ms. Weller was not disabled because of the lack of objective findings or symptoms. As shown by the case of Drummer v. Central Pecan Shelling Company, 366 So.2d 1333, 1335 (La.1978), disability is not limited to the readily apparent symptoms lasting over a lengthy period of time. The Drummer Court interprets the statutory requisite as follows:
"Workmen's compensation payments may be made `for only such injuries as are proven by competent evidence, or [sic] which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself.' (emphasis added) La.R.S. 23:1317. In interpreting the statutory language this Court has indicated that `objective conditions or symptoms' have a broad meaning, including `symptoms of pain, and anguish, such *555 as weakness, pallor, ... sickness, nausea, expressions of pain clearly involuntary, or any other symptoms indicating a deleterious change in the bodily condition * * *.' Frantz v. Schroeder, 184 La. 945, 947, 168 So. 110, 111 (1936) (quoting with approval from Manning v. Pomerene, 101 Neb. 127, at 130, 162 N.W. 492, at 493 (1917)), and this Court has consistently held that subjective results which are imputable to the original objective conditions are compensable under law. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975); Frantz v. Schroeder, supra. Accordingly, the objective conditions or symptoms required by the statute are not limited to symptoms of an injury which can be seen or ascertained by touch. Moreover, there need not be a continued exhibition of objective symptoms to entitle the employee to compensation if the injury complained of is causally connected with the original accident. Tantillo v. Liberty Mutual Insurance Company, supra; Frantz v. Schroeder, supra; Vega v. Higgins Industries, 23 So.2d 661 (La.App. Orl. Cir. 1945)."
Thus, we find, as the lower court did, that the plaintiff herein is entitled to total and permanent disability compensation.
Next, the appellants contend that because the plaintiff worked as a cook for a period of time following the termination of her employment at Cattleman's Restaurant, she has lost her right to claim workmen's compensation benefits from Cattleman's. There is no merit in this contention. The case of LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1 Cir. 1977), writ denied, 351 So.2d 174 (La.1977), cited by appellants, does not support such a contention. The Workmen's Compensation Law contemplates that an "injured" employee will endeavor to work at some gainful employment, and does not penalize such employee if he does not succeed. The record shows that the trial judge dealt properly with this situation: he disallowed compensation during the time the plaintiff worked as a cook on tug boats, yet found that the fall on April 1, 1976, which caused or aggravated her back injury, continued to bother her and ultimately rendered her totally and permanently disabled, because she has no reasonable ability to engage in any gainful employment in her present condition. See Ashworth v. Elton Pickering, Inc., 361 So.2d 940 (La.App. 3 Cir. 1978).
The appellants also argue that the plaintiff, even if totally and permanently disabled, is entitled to no more than 66 2/3 percent of $51.87 per week. The $51.87 figure is only the stipulated amount of the plaintiff's weekly wages; it is not the only amount to take into consideration.
The trial judge explained how he arrived at the figure of $80.78 per week which he used as the basis of his judgment as follows:
"There is some dispute over plaintiff's rate of pay. The testimony clearly indicated that she was paid $1.00 an hour for a 50-hour week, and she got one meal a day, which was worth $1.00. She also got tips. Plaintiff estimated that she averaged $10.00 a day in tips. Defendants did not contradict this evidence. According to law, the employer is under an obligation to report the amount of employees' tips to the Internal Revenue Service, which was not done. The established minimum wage at the time of plaintiff's accident was $2.20 per hour and the court feels that plaintiff was making at least the minimum wage from tips and hourly wages at the time she was injured."
The trial judge's finding, with which we agree, is supported by the testimony of defendant Brown (R 140):
"Q. Were you concerned whether she got paid the minimum wage?
A. Well, I felt like between what she was getting paid and her tips that she was getting the minimum wage. That's what I understood, you know, that their tips made up the difference.
Q. So as far as you were concerned she was making at least the minimum wage in tips plus what you were paying her?
*556 A. I am sure that she was."
On the other hand, the plaintiff re-urges her claim for penalties and attorney's fees. The circumstances shown, however, do not indicate that the failure to pay the claim was arbitrary, capricious, or without probable cause as is required by LSA-R.S. 23:1201.2 to warrant such an award. The evidence supports the existence of a valid dispute between the claimant and the defendants concerning the cause of the claimant's disability; therefore, no penalties and attorney's fees should be assessed. See Parks v. Insurance Company of North America, supra; LeBlanc v. Mangel's of Louisiana, Inc., 306 So.2d 422 (La.App. 3 Cir. 1975), writ denied, 310 So.2d 639 (La. 1975).
For the reasons assigned, the judgment appealed is affirmed at the appellants' costs.
AFFIRMED.