400 So.2d 1164 (1981)
Joseph GRAZIANO
v.
LALLIE KEMP CHARITY HOSPITAL and Houston General Insurance Company.
No. 14094.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1165 Ron S. Macaluso, Hammond, for plaintiff.
Charles M. Hughes, Bogalusa, for defendants.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Defendants appealed from a judgment awarding plaintiff workmen's compensation benefits for total and permanent disability, penalties and attorney's fees.
The issues are: plaintiff's total and permanent disability and the award of penalties and attorney's fees.
We amend and affirm in part and reverse in part.
Plaintiff sustained a direct inguinal hernia in 1974 during the course and scope of his employment as an ambulance driver for defendant, Lallie Kemp Charity Hospital. Plaintiff's personal physician, a general surgeon, successfully repaired the hernia but advised plaintiff to refrain indefinitely from heavy lifting to prevent a recurrence. Because lifting patients was a substantial part of plaintiff's job, he could not return to work. Defendant, Houston General Insurance Company (Houston General), paid plaintiff workmen's compensation for approximately three and one-half years. A medical report from another physician stating plaintiff's hernia was no longer disabling precipitated termination of compensation. Prior thereto, however, plaintiff was placed on disability retirement by the State Employee Retirement System because of chronic emphysema. The trial court, relying on the operating physician's opinion, found plaintiff's inability to engage in heavy lifting rendered him totally and permanently disabled. Penalties and attorney's fees were awarded for arbitrary and capricious refusal to pay further benefits.
There is conflicting evidence as to plaintiff's disability. Dr. Daly, plaintiff's surgeon, testified plaintiff suffered a huge *1166 hernia through a weak and thin fascia. He felt heavy lifting would tear the weak tissue.
Dr. Regan, certified by the American Board of Surgery and a Fellow of the American College of Surgeons, examined plaintiff at the request of defendant Houston General four years after the accident. He testified in deposition that plaintiff had experienced an excellent recovery and should be able to perform his usual job as an ambulance driver. He found no objective evidence for plaintiff's complaint of pain in his groin.
Dr. Arthur J. Axelrod, certified by the American Board of Surgery, a Fellow of the American College of Surgeons, and a Clinical Associate Professor of Surgery at Tulane University of Medicine, who testified that he participates in approximately fifty hernia repairs per year, testified that he examined plaintiff at defendant Houston General's request, and found plaintiff's hernia well healed with no objective reason for pain. Recurrences of hernia are not caused by activities of any sort, but by poor surgical repair, he believes. Noting that plaintiff's hernia had lasted for nearly five years, he concluded it was a successful repair which should allow plaintiff to return to his full duties as an ambulance driver.
The testimony of the attending physician should ordinarily be accorded more weight than that of a physician who has examined but not treated. An exception occurs where the injury falls within a particular field of medicine; then the testimony of a specialist in that field is entitled to more weight. Mitchell v. Morgan Roofing Co., 118 So.2d 492 (1st Cir. 1960).
The trial court was more impressed by the opinion of the operating physician than by the opinions of the other two eminently qualified surgeons. Although we find a reasonable inference could be drawn from the testimony of Drs. Regan and Axelrod that plaintiff is in fact capable of returning to work, we cannot say the conclusion of the court is clearly wrong. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979).
Defendant contends the court erred in awarding plaintiff statutory penalties and attorney's fees. The penalty provisions of LSA-R.S. 22:658[1] are imposed only when the facts show that the insurer's failure to pay benefits is arbitrary, capricious or without probable cause. Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.1974). When an insurer's termination of compensation is based upon competent medical evidence, the action is not arbitrary and capricious. Crawford v. Al Smith Plumbing and Heating Service, Inc., 352 So.2d 669 (La.1977). Defendant insurer relied upon the medical report of Dr. Regan. Therefore, the court erred in holding the insurer's action arbitrary and capricious.
For the above reasons, the judgment of the trial court is reversed insofar as it grants judgment in favor of Joseph Graziano, Jr. against Houston General Insurance Company for twelve per cent (12%) penalties and $2,500.00 attorney fees. The judgment is amended to correct a mathematical error:

*1167 Defendants, Lallie Kemp Charity Hospital and Houston General Insurance Company, are hereby ordered to pay plaintiff, Joseph Graziano, Jr., the amount of Sixty-five ($65.00) dollars per week, commencing the 28th day of February, 1980, for 227 weeks or until plaintiff can return to substantially the same work, to be determined by this Court.
In all other respects, the judgment is affirmed. Costs of appeal are to be split equally between plaintiff and defendants.
REVERSED IN PART, AMENDED IN PART AND AFFIRMED IN PART.
NOTES
[1] LSA-R.S. 22:658:

"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, a 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees."