McClendon, j.
| ¡>In this workers’ compensation case, the defendant and plaintiff-in-reconvention, Earl Mae Weller, complains of the workers’ compensation judge’s findings that Ms. Weller is no longer totally and permanently disabled and that chiropractic care and mileage expenses were not reasonable or necessary. We affirm the judgment -in favor of the plaintiff and defendant-in-re-convention, Louisiana Insurance Guaranty Association (LIGA).
FACTS AND PROCEDURAL BACKGROUND
On April 1,1976, Ms. Weller was injured in the course and scope of her employment as a waitress at Cattleman’s Restaurant. Ms. Weller thereafter filed suit against her employer, Margie Brown d/b/a Cattleman’s Restaurant, and her employer’s workers’ compensation insurer, Rockwood Insurance Company, seeking workers’ compensation benefits. The matter was tried on January 22, 1979, and, in a judgment signed on February 13, 1979, the trial court awarded Ms. Weller weekly compensation benefits in the amount of $80.78 for total and permanént disability, commencing March 22, 1977, and continuing for as long as her disability remained, subject to statutory limitations. Additionally, Ms. Weller was awarded medical and drug expenses, which were reasonable and necessary and were incurred from date of trial for as long as her disability continued, subject to statutory limitations. Rock-wood Insurance Company and Margie Brown d/b/a Cattleman’s Restaurant unsuccessfully appealed the February 13, 1979 judgment. See Weller v. Brown, 398 So.2d 551 (La.App. 1 Cir.1979).
Years later, LIGA, as statutory successor to the then insolvent Rockwood Insurance Company, filed a petition in the Nineteenth Judicial District Court seeking termination or modification of the workers’ [..¡compensation benefits awarded to Ms. Weller pursuant to .the February 13, *32 1979 judgment. The matter was tried on May 5, 1997, and judgment was signed on June 25, 1997. After concluding that Ms. Weller remained totally and permanently disabled, the trial court ordered LIGA to continue to pay $80.78 per week in disability benefits. The trial court further ordered LIGA to pay all travel expenses for treatment of Ms. Weller’s work-related injury, including past and future travel expenses. Additionally, the trial court ordered LIGA to pay for all unpaid chiropractic treatment rendered by Dr. Stanley Mouk.
Subsequently, LIGA filed an appeal of the June 25, 1997 judgment. On appeal, this court reversed the trial court’s finding that Ms. Weller was totally and permanently disabled and entitled to continued benefits. Weller v. Brown, 97-2155 (La.App. 1 Cir. 11/6/98), 724 So.2d 230, writ denied, 99-2872 (La.12/10/99), 751 So.2d 856.
On May 23, 2000, Ms. Weller filed a petition in the Nineteenth Judicial District Court seeking to nullify the June 25, 1997 judgment, alleging that the district court lacked subject matter jurisdiction to adjudicate the matter. Thereafter, on August 16, 2000, Ms. Weller filed a motion for summary judgment. Following a hearing on the motion, judgment was rendered vacating the June 25, 1997 judgment and dismissing LIGA’s petition, with prejudice, for lack of subject matter jurisdiction. This court affirmed. Weller v. Brown, 2001-0314 (La.App. 1 Cir. 3/28/02), 813 So.2d 635.
On January 22, 2003, Ms. Weller filed a disputed claim for compensation with the Office of Workers’ Compensation. On the same day, LIGA’s petition for modification or termination of disability status and benefits was filed. Ms. Weller answered the petition, and filed a | ¿reconventional demand requesting various medical and mileage expenses.
After a hearing, the workers’ compensation judge (WCJ) rendered judgment in favor of LIGA. The judgment, signed on June 16, 2006, held that Ms. Weller was “no longer disabled in any capacity as a result of the 1976 accident and all further benefits, including medical expenses [were] denied.” In addition, the judgment denied the claims sought by Ms. Weller in her reconventional demand. Costs were assessed to LIGA.
In oral reasons, the WCJ noted that, after considering all of the evidence, including the medical evidence, a surveillance videotape of Ms. Weller performing various physical activities, and Ms. Weller’s testimony and demeanor during the hearing, the WCJ found Ms. Weller not to be a credible witness. After again considering all of the evidence, and Ms. Weller’s lack of credibility, the WCJ found that LIGA had met its burden of proof and shown that Ms. Weller was no longer disabled due to the work injury, and denied the requested benefits and expenses. On the issue of medical payments for specific chiropractic treatments, the WCJ found that the services were not reasonable or medically necessary in relation to the work injury.
In her appeal, Ms. Weller assigned error to the findings that she “was no longer disabled as a result of her 1976 work accident,” and that the “chiropractic care and mileage expenses were not reasonable and necessary.” She essentially argues that she suffers from chronic pain syndrome, which stemmed from her work injury, and that the syndrome, coupled with other medical problems, makes it impossible for her to work. The appellant, LIGA, argues that Ms. Weller is not permanently and totally disabled, at present; but, alternatively, argues that if such a condition does *33 | Sexist, the disability is not causally related to her 1976 employment-related injury.
ANALYSIS
A worker is totally disabled only if he cannot engage in any gainful occupation for wages. LSA-R.S. 23:1221(2)(a) & (c); Magee v. Abek, Inc., 2004-2554, pp. 5-6 & 11 (La.App. 1 Cir. 4/28/06), 934 So.2d 800, 807 & 811, writ denied, 2006-1876 (La.10/27/06), 939 So.2d 1287. A person who can engage in a gainful occupation is not totally disabled, even if such occupation is not the same or similar to his old occupation and even if it is not one for which he is particularly fitted by education, training, or experience. Magee, 2004-2554 at pp. 5-6 & 11, 934 So.2d at 807 & 811.
Ordinarily, the testimony of an employee’s treating physician should be afforded more weight than that of an examining physician. Johnson v. Travelers Insurance Co., 284 So.2d 888, 891 (La.1973); Graziano v. Lallie Kemp Charity Hospital, 400 So.2d 1164, 1165-66 (La.App. 1 Cir. 1981); McClendon v. Keith Hutchinson Logging, 96-2373, p. 11 (La.App. 1 Cir. 11/7/97); 702 So.2d 1164, 1172, unit denied, 97-2872 (La.2/13/98); 706 So.2d 995. Where the treating physician finds that the claimant can work, despite some restrictions, a worker’s compensation claimant is not entitled to benefits for permanent total disability. Spencer v. Gaylord Container Corp., 96-1230, p. 5 (La.App. 1 Cir. 3/27/97), 693 So.2d 818, 822.
However, the testimony of a specialist is entitled to greater weight when the subject at issue concerns the particular field of the specialist’s expertise. McClendon, 96-2373 at p. 11, 702 So.2d at 1172; see Graziano, 400 So.2d at 1165-66. The trier of fact is not bound to accept the testimony of an expert, even one whose testimony is presumptively given more weight, | fiif the trier of fact finds the opinion is less credible than that of other experts. McClendon, 96-2373 at pp. 11-12, 702 So.2d at 1172.
Over the years, Ms. Weller has been examined by numerous doctors, including psychologists, chiropractors, and several orthopedists, in an attempt to specifically assess the existence or level of any ongoing physical disability. The vast majority of the expert medical opinions, and all of the orthopedic specialists, overwhelmingly support the conclusion that Ms. Weller is no longer totally and permanently disabled from the 1976 injury • and that she can work with restrictions.
In addition, a surveillance tape contained in the record forcefully contradicts the level and degree of Ms. Weller’s complaints, including the degree of pain that she asserts. The surveillance video evinces Ms. Weller performing various daily activities, such as walking, carrying items, and bending, without visible signs of discomfort or physical limitations.
Dr. John Taylor Howe, Ms. Weller’s treating physician, was the only medical doctor to render a direct opinion that Ms. Weller continued to suffer from the com-pensable injury, and could not work, more probably than not, because of chronic pain triggered by the 1976 injury. Dr. Howe, who was trained in family practice and psychiatry, began treating Ms. Weller as her family medicine practitioner in 1978. He concluded that her illness is of both a physical and psychiatric nature. As to the psychiatric nature, he diagnosed Ms. Weller as having chronic pain syndrome, coupled with a personality disorder. However, when LIGA asked a hypothetical question based on Ms. Weller’s ability to perform certain physical activities, which corresponded to the activities observed on the surveillance tape, Dr. Howe *34 testified by deposition that if Ms. Weller was able to perform those activities, she should be able to work. When asked a similar hypothetical question, her treating |7chiropractor, Dr. Sidney Mouk, responded in a like manner. Thus, Ms. Weller’s treating physician, as well as her treating chiropractor, albeit hypothetically, along with myriad expert specialists in a more direct fashion, agreed on the critical assessment that Ms. Weller could work on some level.
After considering all of the evidence, we find a supportable and reasonable basis for assigning greater weight to the opinion of the specialists and discounting the connections drawn by Dr. Howe between the 1976 injury and Ms. Weller’s continuing medical problems and complaints of pain. In addition, the- surveillance tape and the great majority of the medical evidence support the trial court’s credibility determinations and unquestionably indicate that Ms. Weller can work in some capacity. Therefore, we find that the WCJ was not manifestly erroneous and, based on the facts found by the WCJ, we find no error in the findings on disability status and benefits.
On the issue of payments for particular medical services, an injured employee is not entitled to recover for medical expenses where he or she fails to substantiate a claim. LSA-R.S. 23:1203 Starks v. Universal Life Insurance Company, 95-1003, p. 5 (La.App. 1 Cir. 12/15/95), 666 So.2d 387, 391, writ denied, 96-0113 (La.3/8/96), 669 So.2d 400; see LSA-R.S. 23:1203. Pursuant to LSA-R.S. 23:1203, the employee must prove that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. Patterson v. Long, 96-0191, p. 11 (La.App. 1 Cir. 11/8/96), 682 So.2d 1327, 1334, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. The question of whether a claimant is entitled to medical benefits is ultimately a question of fact, and the WCJ’s resolution of that issue may not be disturbed by the appellate court in the absence of manifest error or unless clearly wrong. Starks, 95-1003 at p. 5, 666 So.2d at 391.
|sDr. Howe, Ms. Weller’s treating physician, testified that the chiropractic treatments are probably helpful, but not medically necessary. Dr. Duval and Dr. Henning, both chiropractic physicians, testified that the chiropractic treatments rendered through many years by Dr. Mouk were not medically necessary to Ms. Weller beyond a relatively short period after the 1976 injury. Moreover, the chiropractic bill review performed at the request of LIGA reported the absence of evidence to substantiate the need for ongoing care following the first two weeks of care or that the treatments were medically necessary. Thus, based on our thorough review of the record, particularly the medical testimony cited here and in our discussion of permanent disability above, we find that the WCJ was not clearly wrong in denying the chiropractic care and mileage benefits.
CONCLUSION
For these reasons, we affirm the judgment. The costs of the appeal are assessed to plaintiff, LIGA.
AFFIRMED.