HIGGINBOTHAM, J.
bln this workers’ compensation case, the claimant appeals a summary judgment dismissing his claim for permanent and total disability benefits. For the following reasons, we affirm.
BACKGROUND
The claimant, Darrel W. Aucoin, was employed by Kansas City Southern Railroad (KCS) as a truck master twenty years ago, when he sustained a work-related back injury on February 5, 1992. KCS’s workers’ compensation carrier, CNA Insurance Companies, terminated Mr. Aucoin’s supplemental earnings benefits, which had expired. Mr. Aucoin filed a disputed claim for compensation, urging that he is entitled to permanent total disability (PTD) benefits.[1] He also sought penalties and attorney fees. KCS and CNA answered Mr. Aucoin’s claim, denying that Mr. Aucoin is permanently and totally disabled.
KCS moved for summary judgment, maintaining that Mr. Aucoin was not entitled to PTD benefits because he could not meet the statutory requirement that prohibits compensation if the employee is engaged in any kind of employment.[2] KCS argued that it is undisputed that Mr. Au-coin is engaged in three different activities that generate income: (1) he receives $25 to $50 per month for services provided to his neighbor, Eugene Bologna, by watching over the neighbor’s property; (2) he receives $75 per election from the East Feliciana Parish Clerk of |sCourt for receiving and safeguarding voting machines in his voting precinct before and after each election; and (3) he receives profits from the sale of cattle that he helps care for in his family’s cattle-breeding business. In support of its motion, KCS filed excerpts *34 from Mr. Aucoin’s deposition testimony where he allegedly admits being involved in the three money-making activities.
Mr. Aucoin opposed KCS’s motion for summary judgment, relying on the deposition testimony of his treating physician, Dr. Martin A. Langston, stating that Mr. Aucoin’s condition was commonly known as “failed back syndrome” and that Mr. Aucoin was permanently and totally disabled as of June 17, 2005. Additionally, Mr. Aucoin submitted an affidavit from his wife, Laura Aucoin, and his own affidavit, stating that his wife owned the cattle business, his sons helped operate the cattle business, and that he only fed the cattle two-to-three times per month. The Au-coins’ statements in their affidavits also indicated that the monthly payments from their neighbor constituted a “gift” rather than wages and that no labor was involved with the “keeper of the keys position” for the elections in their voting precinct. Mr. Aucoin also submitted his neighbor’s affidavit, declaring that Mr. Aucoin was not his neighbor’s employee.
The workers’ compensation judge (WCJ) considered the pleadings and evidence submitted before concluding that there was no genuine issue of material fact, and that as a matter of law Mr. Aucoin could not meet the burden of proof required for PTD benefits. The WCJ therefore granted KCS’s motion for summary judgment and dismissed Mr. Aucoin’s claim for PTD benefits. Mr. Aucoin appealed, arguing that the WCJ erred in granting summary judgment in favor of KCS because summary judgments were not favored in the law at the time of his work-related accident and because there are genuine issues of material fact concerning Mr. Aucoin’s ability to work and his entitlement to PTD benefits.
LLAW AND ANALYSIS
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Vicksburg Healthcare, LLC v. State ex rel. Dept. of Health and Hospitals, 2010-1248 (La.App. 1st Cir.3/25/11), 63 So.3d 205, 207. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
In his first assignment of error, Mr. Aucoin argues that because summary judgments were not favored at the time of his work-related injury in 1992, and that all doubt concerning a dispute as to a material issue of fact is resolved against granting summary judgment, the trial court erred in granting summary judgment. However, the legislature amended La.Code Civ. P. art. 966 in 1996, to provide that, “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.” La.Code Civ. P. art. 966(A)(2) (Emphasis added.). It is well-settled that the 1996 amendment is procedural in nature, and as such it is applied retroactively, as well as prospectively. Barrino v. East Baton Rouge Parish School Bd., 96-1824 (La.App. 1st Cir.6/20/97), 697 So.2d 27, 31. Thus, Mr. Aucoin’s first assignment of error is without merit.
In his second assignment of error, Mr. Aucoin asserts that the WCJ erred in granting summary judgment in favor of KCS, because there are genuine issues of material fact concerning Mr. Aucoin’s ability to work and his entitlement to PTD benefits. The burden of showing that *35 there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law was upon the mover, KCSjgin this case. See La.Code Civ. P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden does not require that all essential elements of the adverse party’s claim be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, and then the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the advérse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. ExxonMobile, 2002-0854 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
A fact is material if it is essential to a cause of action under the applicable theory of recovery. Generally, material facts are those that potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Guardia v. Lakeview Regional Medical Center, 2008-1369 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 628. Additionally, in ruling on a motion for summary judgment the court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Id. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Id.
Claims for PTD benefits are governed by La. R.S. 23:1221, which provides in relevant part:
| (¡Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
[[Image here]]
(2) Permanent total.
(a) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability. (Emphasis added.)
(b) For purposes of Subparagraph (2)(a) of this Paragraph, compensation for permanent total disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain. (Emphasis added.)
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee *36 proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment. (Emphasis added.)
(d) Notwithstanding any judgment or determination that an employee is permanently and totally disabled, if such employee subsequently has or receives any earnings, including, but not limited to, earnings from odd-lot employment, sheltered employment, or employment while working in any pain, such employee shall not receive benefits pursuant to this Paragraph but may receive benefits computed pursuant to Paragraph (3) of this Section [Supplemental earnings benefits], if applicable. (Emphasis added.)
[[Image here]]
Thus, the claimant, Mr. Aucoin, bears the statutory burden of proving, by clear and convincing evidence, unaided by any presumption of disability, that he is unable to work at any type of employment of any nature in order to recover PTD benefits. See Buxton v. Iowa Police Dept., 2009-0520 (La.10/20/09), 23 So.3d 275, 288-897 (discussing the burden of proof in the context of temporary total disability (TTD) benefits, but recognizing that the burden is the same for both TTD and PTD benefits). See also Magee v. Abek, Inc., 2004-2554 (La.App. 1st Cir.4/28/06), 934 So.2d 800, 807, writ denied, 2006-1876 (La.10/27/06), 939 So.2d 1287; Keasley v. Transit Management of Southeast Louisiana, 2010-0786 (La.App. 4th Cir.12/7/10), 52 So.3d 976, 987 n. 19. The fact that he would be working in pain is not proof that he is totally disabled. Buxton, 23 So.3d at 289. Additionally, a person who can engage in a gainful occupation is not totally disabled, even if the occupation is not the same or similar to his old occupation and even if it is not one for which he is particularly fitted by education, training, or experience. Louisiana Ins. Guar. Ass’n v. Weller, 2007-0571 (La.App. 1st Cir.11/2/07), 977 So.2d 29, 33.
To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, in other words, much more probable than not. Magee, 934 So.2d at 807. The claimant’s subjective belief that he cannot work does not satisfy the statutory burden of proof. Paul v. Gipson, 614 So.2d 1275, 1278 (La.App. 2d Cir.1993). The issue of disability is a legal rather than a purely medical determination, with reference to the totality of the evidence, including both lay and medical testimony. Bonvillain v. Preferred Industries and LWCC, 2004-0849 (La.App. 1st Cir.5/27/05), 917 So.2d 1, 8. In order for a claimant to establish that he is disabled such that he is unable to engage in any employment, he must introduce objective medical evidence supporting the existence of a disabling condition. Id. While the workers’ compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the claimant’s burden. Id.
H. Alston Johnson, III, in the Louisiana Civil Law Treatise series, notes: “There is no question but that this [statutory] language was intended to make |sawards for total and permanent disability very difficult to obtain.” 13 La. Civ. L. Treatise, Workers’ Compensation Law and Practice § 275 (4th ed.2002). The Legislature has *37 effectively eliminated all but the most disabled employees from receiving PTD benefits, by requiring that the employee clearly and convincingly show that he is not engaged in any employment. A claimant who holds any job, even a part-time job, after the work injury is not eligible for PTD benefits. See Paul, 614 So.2d at 1278; Reynolds v. Burns Intern. Sec. Services, 535 So.2d 1040, 1044 (La.App. 2d Cir.1988); Captain v. Sonnier Timber Co., 503 So.2d 689, 691 (La.App. 3d Cir.1987).
Based on the record presented in connection with KCS’s motion for summary judgment, it is clear that Mr. Aucoin will not be able to bear the statutory burden of proof concerning the fact that he receives earnings, albeit minimal earnings, by means of sporadic employment with the East Feliciana Parish Clerk of Court for his service as the “keeper of the keys” each time an election is held in Mr. Au-coin’s voting precinct. Mr. Aucoin did not deny or offer any proof that he did not receive the fixed ($75/election) amount of earnings each time he performed this service, regardless of the minimal number of hours that he actually worked. Likewise, Mr. Aucoin did not deny or offer any proof that he did not receive monthly payments from his neighbor in return for the service of watching over his neighbor’s property. While Mr. Aucoin denies that either of these services amount to “work,” the pertinent statute clearly restricts PTD benefits if the claimant is involved in any type of employment or receives any earnings from the employment. It is undisputed that Mr. Aucoin earned the stated nominal amounts for each activity. While the amounts earned are modest, under the clear wording of the statutory provision, Mr. Aucoin is not entitled to receive PTD benefits. See La. R.S. 23:1221(2)(b) and (d). Cf. Daenen v. The Cajun Landing Restaurant, 2004-1193 (La.App. 3d Cir.4/6/05), 899 So.2d 125, 128 (finding error to award |9TTD benefits since claimant was actually earning a modest income of $68 per month for data entry services).
As for the alleged earnings from Ms. Aucoin’s cattle business, we conclude that the record does not support a finding that Mr. Aucoin specifically derived any wages, salary, or earnings from his own labor or services or that he was self-employed in the cattle business. There was absolutely no evidence of an actual dollar amount earned by Mr. Aucoin in the cattle business as contemplated by La. R.S. 23:1221(2)(d). Although the evidence established that Mr. Aucoin occasionally helped by feeding the cattle a few times per month, he was not a full participant in the management or operation of his wife and son’s cattle business so as to rise to the level of employment for wages. Cf. Kim v. East Jefferson Hosp., 96-0838 (La.App. 1st Cir.2/14/97), 691 So.2d 127, 133 (holding that the co-owner of a store who occasionally helped at the store but did not play a role in planning and decision-making, was not considered an employee who worked for wages.)
Therefore, we conclude that the undisputed minimal earnings from Mr. Aucoin’s neighbor and the clerk of court preclude his qualifying for PTD benefits. Thus, we find that the WCJ correctly granted summary judgment in favor of KCS and dismissed Mr. Aucoin’s claim for PTD benefits. Mr. Aucoin’s second assignment of error is without merit.
CONCLUSION
For the reasons expressed, the judgment is affirmed. Costs are assessed to the claimant/appellant, Darrel W. Aucoin.
AFFIRMED.
McClendon, j., concurs.

. Contrary to assertions in Mr. Aucoin's appellate brief, his disputed claim for compensation does not claim past due temporary total disability (TTD) benefits. Thus, the only relevant claim in this appeal involves PTD benefits.

. The pertinent statute is La. R.S. 23:1221(2)(b), providing in part:
For purposes of Subparagraph (2)(a) of this Paragraph, compensation for permanent total disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
(Emphasis added.)