GUIDRY, Judge.
Plaintiff, Emma Hunter, appeals from a judgment rendered by the Office of Workers’ Compensation (OWC) which established her average weekly wage at $120 per week for purposes of determining compensation benefits. Hunter claims the hearing officer erred by applying the formula contained in La.R.S. 23:1021(10)(d) to determine her wage rate. She asserts that her average weekly wage was $150 per week. We find no error in the hearing officer’s calculation and, for the reasons which follow, we affirm.
Hunter injured her back on May 27, 1991 while in the course and scope of her employment as a cook for defendant, F.R. Ranch. She filed a disputed claim for compensation against F.R. Ranch with the OWC. By joint stipulation, the parties submitted the case to the hearing officer for his determination of compensation benefits due. The parties stipulated to the following pertinent facts:
(1) Hunter was paid on a daily rate basis of $30 per day;
(2) Hunter was paid $3,510 for actually having worked 117 days during the 26 week period immediately preceding her injury;
(3) Hunter normally worked a five day workweek;
(4) Hunter’s average gross earnings for the four week period immediately preceding her injury were $150;
(5) If calculated based on the $150 average gross weekly earnings for the four week period immediately preceding her injury, Hunter’s average weekly wage is $150 and her compensation rate is $100; and,
(6) If calculated based on the La.R.S. 23:1021(l)(d) formula for “other wages”, Hunter’s average weekly wage is $120 and her compensation rate is $80.
The hearing officer based his average weekly wage calculation on the sixth stipulation. Hunter asserts on appeal that the correct calculation method was embodied in stipulation five.
The applicable statute, La.R.S. 23:1021(10), provides:
(10) “Wages” means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater; or
(ii) If the employee is paid on an hourly basis and the employee was offered employment for forty hours or more but regularly, and at his own discretion, works less than forty hours per week for whatever reason, then, the average of his total earnings per week for the four full weeks preceding the date of the accident; or
*865 (iii) If the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury.
(b) Monthly wages. If the employee is paid on a monthly basis, his monthly salary divided by four.
(c) Annual wages. If the employee is employed at an annual salary, his annual salary divided by fifty-two.
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four. (Emphasis ours)
Hunter was not paid on an hourly, monthly or annual basis. Rather, she was paid on a daily basis. Her average weekly wage was thus not properly calculable under subsection 10(a), (b) or (c). The sole issue is whether the hearing officer was correct in calculating her average weekly wage pursuant to subsection 10(d), the “other wages” residual classification which includes any “other basis” of employment compensation.
Hunter asserts that subsection 10(d) does not apply to her situation. She claims that applying this subsection is unfair because it contemplates a four day work week and she actually worked five days per week. In support of her argument, Hunter points out that, despite the fact that she was paid on a $30 per day basis, she always received her paycheck on a weekly or bi-weekly basis and never received any wages daily. Defendant counters that the statute, which mandates calculation methods based on the particular claimant’s wage rate arrangement, clearly contemplates the calculation of daily wage earner compensation benefits under subsection 10(d) as “other wages”.
While it is true that Hunter was never actually paid daily, her wages were nevertheless based upon a daily rate. Clearly, if she missed a workday, she would not be entitled to payment therefor. If, on the other hand, her wages were based upon a $150 weekly rate and she missed a workday, presumably she would still be entitled to payment for the entire week. In that scenario, her “average weekly wage” would be fixed by contract and there would be no necessity to calculate an average weekly wage pursuant to La.R.S. 23:1021(10). However, under the present facts, La.R.S. 23:1021(10)(d), “other wages”, clearly provides that a daily wage earner’s average weekly wage be calculated under the method provided therein.
In Ruf v. Darrell DeMoss Photographers, 568 So.2d 1157 (La.App. 5th Cir.1990), writ denied, 571 So.2d 655 (La.1990), and Lumbermen’s Underwriting Alliance v. Teague, 521 So.2d 820 (La.App. 2d Cir.1988), our brethren of the Fifth and Second Circuits, respectively, applied subsection 10(d) to calculate the average weekly wage and resulting compensation benefits of workers paid on a daily basis. They did so without any discussion of the applicability of the subsection to daily wage earners, apparently because no party in those cases challenged the propriety of its application. We conclude that, under the facts of this case, the hearing officer’s application of La.R.S. 23:1021(10)(d) to calculate Hunter’s compensation benefits was correct.
For the above and foregoing reasons, the judgment of the OWC is affirmed. All costs of this appeal are to be borne by appellant, Emma R. Hunter.
AFFIRMED.