702 So.2d 1164 (1997)
Louis McCLENDON, Sr.
v.
KEITH HUTCHINSON LOGGING d/b/a Hutchinson Logging Forest Products & Management.
No. 96 CA 2373.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*1167 Delbert G. Talley, Covington, for Plaintiff-Appellee.
Lawrence B. Frieman, Metairie, for DefendantAppellant.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
Defendant, Keith Hutchinson Logging d/b/a Hutchinson Logging Forest Products & Management, appeals a judgment of the Office of Workers' Compensation in favor of claimant, Louis McClendon, Sr., awarding him workers' compensation benefits, medical expenses, penalties and attorney's fees.
On October 2, 1995, claimant suffered a heart attack while working as a truck driver for defendant. On this date, claimant was sent to pick up a lowboy trailer from the lot where it was stored. While backing up, he inadvertently knocked the trailer off the blocks supporting it, causing the tongue of the trailer to fall to a level too low for the tractor. As a result, he had to manually "wind down" the landing gear in order to raise the trailer to the appropriate height. While performing this task, which took three to four hours to complete, he began to experience chest pains.
When he completed the job, claimant returned to the work site over twenty miles away. There, he encountered co-worker Ed Bridges, who observed that claimant was clutching his chest and was unable to breathe well. Bridges urged claimant to see a physician, but he declined, stating that he needed only to lie down on the ground and rest.
Bridges notified defendant's owner, Keith Hutchinson, that claimant was not feeling well. Hutchinson did not immediately assist his employee, but instead he replied to Bridges that claimant was not ill and that he "just didn't want to work." When he did eventually go to aid claimant, Hutchinson told him that he might have gas and recommended taking an antacid. He did not suggest that claimant seek medical treatment. Hutchinson then instructed claimant to move some logging equipment to another work site when he was feeling better. Although he continued to suffer chest pain, claimant worked the remainder of that day and returned to work the following day. On October 6, the second day after the onset of chest pain, he went to a hospital emergency room where he was diagnosed as having suffered a myocardial infarction, or heart attack.
Claimant remained hospitalized for several days and is currently undergoing cardiac rehabilitation treatment at Lallie Kemp Medical Center. Shortly after his heart attack, he sustained a minor stroke which has hindered his rehabilitative progress. He has not been released to return to work.
Trial in this matter was held on July 1, 1996. The trier of fact ruled in favor of claimant finding that he had met the burden *1168 of proof required of heart attack claimants pursuant to LSA-R.S. 23:1021(7)(e). Defendant appeals that judgment asserting that the workers' compensation judge erred in the following respects:
(1) in finding that claimant had proven that his heart attack was compensable;
(2) in finding that claimant was totally and permanently disabled;
(3) in finding that claimant's average weekly wage amounted to $480.00;
(4) in finding that defendant handled this claim in an arbitrary and capricious manner;
(5) in affording greater weight to the testimony of claimant's treating physician, an internal medicine specialist, than to the testimony of a cardiology specialist; and
(6) in allowing copies of pages from a textbook into evidence.
Claimant answered the appeal contending he is entitled to an award of additional attorney's fees.
In its first assignment of error, appellant contends that the trier of fact erred in awarding claimant workers' compensation benefits. The requirement for a successful claim for such benefits is set forth in LSA-R.S. 23:1031 A, which reads:
If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
Effective January 1, 1990, the legislature redefined these requirements with respect to heart-related and perivascular injuries by enacting LSA-R.S. 23:1021(7)(e), which provides as follows:
Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or pre-existing condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
The first prong of this statute requires claimant to prove by clear and convincing evidence that the physical work stress he experienced "went beyond what was usual, regular or customary in relation to the average employee in that occupation." Harold v. La Belle Maison Apartments, 94-0889, p. 6 (La.10/17/94); 643 So.2d 752, 755. In this case, claimant testified that his primary responsibilities as a truck driver for appellant included delivering logs, transporting equipment from one location to another, and performing some manual labor, such as operating a chainsaw to trim logs. At the time of his heart attack, he was performing the difficult task of raising a lowboy trailer measuring approximately forty feet in length from the ground. Although he had been employed with appellant for approximately two years, claimant testified that this was the first time he had been required to perform such strenuous physical labor.
The record reflects that the trailer was not equipped with a low gear and using only a high gear made turning the crank more difficult. The task was harder still because one leg of the trailer was missing, causing an imbalance. Claimant further testified that, in this situation, the trailer would normally be raised with a skidder, a machine used for lifting logs. However, the skidder was unavailable on this occasion.
The appropriate standard for appellate review is the manifest error-clearly wrong standard, which precludes the setting aside of a trier of fact's findings unless those findings are clearly wrong in light of the record reviewed in its entirety. Moore v. Sanderson Farms, Inc., 95-2042 (La.App. 1 Cir. 5/10/96); 674 So.2d 478, writ denied, 96-1399 (La.9/13/96); 679 So.2d 106. The workers' compensation judge determined, based on the testimony of claimant and two other *1169 truck drivers formerly employed by appellant, that the physical work stress claimant was engaged in at the time of his heart attack was extraordinary and went beyond what was usual, regular or customary compared to the average employee in that occupation. After a review of the entire record, we find no manifest error in this determination.
The second prong requires McClendon to prove by clear and convincing evidence that this physical work stress or exertion, and not some other source of stress or pre-existing condition, was the predominant and major cause of his heart attack. LSA-R.S. 23:1021(7)(e)(ii). Claimant contends that the physical work stress involved in raising the lowboy trailer was the major cause of his heart attack, while appellant maintains that a preexisting condition was the principal cause.
Medical evidence shows that claimant suffered from significant coronary arteriosclerosis, the buildup of fatty plaques in the arteries of the heart. However, he testified that he considered himself in good health prior to his heart attack and that he had no warning of its onset. He had never before experienced chest pains or any other symptoms associated with coronary artery disease. Although claimant had several risk factors which can contribute to the development of coronary disease,[1] he had never been diagnosed by a physician as having or potentially having heart problems. In fact, he was completely unaware of his existing coronary disease until he suffered this heart attack. See Harold, 94-0889, p. 7; 643 So.2d at 756.
His treating physician, Dr. Jessica Kahn, testified that both the coronary arteriosclerosis and the physical labor were factors which contributed to the heart attack. When questioned concerning which of these factors she believed was the major or predominate cause, Dr. Kahn agreed that it was the physical labor which most likely precipitated claimant's heart attack. When questioned again by defense counsel on cross-examination regarding this issue, she further stated, "[t]here's a very, very high possibility that the exertion is what precipitated [the heart attack]. It's very hard for me to say for sure, yeah, that did it, but as far as possibilities, the possibility is pretty high that [the physical labor] did it."
Appellant contends that claimant has failed to meet his burden of proof since his physician was unable to state with certainty that the physical work stress was the major cause of his heart attack. We disagree. A heart attack claimant's case does not fail simply because the medical expert cannot definitively state the primary cause of the heart attack. See Harold, 94-0889, p. 9; 643 So.2d at 757.
Appellant also urges that claimant should not prevail since, without the pre-existing coronary disease, he would not have suffered a heart attack. We are unconvinced by this argument. As recognized by the supreme court in Harold, allowing the discovery of heart disease following a heart attack to preclude recovery of workers' compensation benefits would basically mean that no heart attack claimants would recover. Harold, 94-0889, p. 9; 643 So.2d at 757. We find no manifest error in the trier of fact's conclusion that McClendon has proven by clear and convincing evidence that the performance of physical labor was the predominate and major cause of his heart attack.
In summary, we find that McClendon has met the burden of proof required of heart-attack claimants under LSA-R.S. 23:1021(7)(e). Clearly, he has suffered a personal injury by accident arising out of and in the course and scope of his employment and is entitled to workers' compensation benefits. LSA-R.S. 23:1031 A.[2]
*1170 Second, appellant contends that the trier of fact erred in its finding that claimant was totally and permanently disabled. Claimant is a middle-aged man with only a seventh grade education. He testified that his reading ability is so limited that he is unable read a newspaper. According to his work history, he is trained only as a truck driver, and both expert physicians agreed that he cannot return to this occupation. Dr. Kahn testified that claimant is unable to engage in physical activities or heavy lifting, and that he may perform only sedentary work, such as clerical employment. The record contains no evidence that claimant possesses the skills necessary to perform office work. Consequently, the workers' compensation judge, relying upon Debona v. Pawn, 94-430 (La.App. 3 Cir. 11/2/94); 649 So.2d 449, writ denied, 94-2878 (La.1/27/95); 650 So.2d 242, found claimant to be totally and permanently disabled. We find no error in this determination.
Appellant asserts, in its third assignment of error, that the trier of fact erred in assessing claimant's average weekly wage at $480.00. The workers' compensation judge computed this figure by utilizing the formula set forth in LSA-R.S. 23:1021(10)(a)(i) which applies to claimants who are paid on an hourly basis. We agree with appellant that this computation is incorrect.
All parties in this matter testified that claimant was paid on a daily basis. He was paid only when he worked and was not paid overtime regardless of how many hours he worked each day. When a workers' compensation claimant is paid on a daily basis, the method for calculating average weekly wage is provided in LSA-R.S. 23:1021(10)(d). Hunter v. F.R. Ranch, 616 So.2d 863 (La. App. 3 Cir.1993); Ruf v. Darrell DeMoss Photographers, 568 So.2d 1157 (La.App. 5 Cir.), writ denied, 571 So.2d 655 (La.1990). LSA-R.S. 23:1021(10)(d) provides:
Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; ... (Emphasis added).
At oral argument before this court, claimant's counsel urged us to apply LSA-R.S. 23:1021(10)(d), as amended by Act 423 of the 1997 Regular Session. This legislative amendment redefines average weekly wage of an employee paid on a unit, piecework, commission, or other basis as "gross earnings... divided by the number of days the employee actually worked ... and multiplied by the average number of days worked per week; ..." (Emphasis added).
Clearly, this amendment, which became effective on August 15, 1997, was enacted well after claimant's October of 1995 injury. In order to determine whether the amendment applies herein, we must first determine whether it is to be applied retroactively or prospectively.
When making this determination, LSA-C.C. art. 6 and LSA-R.S. 1:2 require that we engage in a two-fold inquiry. First, we must discern whether in the enactment the legislature expressed its intent regarding retroactive or prospective application. If the legislature did not express an intent, we must classify the enactment as substantive, procedural or interpretive. See Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). In the instant case, since the legislature did not express an intention regarding the retrospective or prospective application of the amendment, we focus our attention on classification of the amendment as substantive, procedural or interpretive.
Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. St. Paul Fire & Marine Insurance Co. v. Smith, 609 So.2d 809 (La.1992). Procedural laws address the methods for enforcing an existing right or relate to how a law operates. Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714, cert. denied, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). Interpretive laws are those *1171 which clarify the meaning of a statute and are deemed to relate back to the date that the law was originally enacted. Manuel v. Louisiana Sheriff's Risk Management Fund, 95-0406 (La.11/27/95); 664 So.2d 81.
This amendment potentially increases or reduces the amount of a claimant's recovery by modifying the formula by which average weekly wage is calculated. This is a substantive change in the existing law. Laws that are substantive in nature are to be applied prospectively only. Graham v. Sequoya Corporation, 478 So.2d 1223 (La.1985). Therefore, in this case, claimant's average weekly wage must be determined by applying LSA-R.S. 23:1021(10)(d) as it existed at the time of his injury. (See also Lewis v. Alloy Casting of La., Inc., 465 So.2d 847 (La.App. 2 Cir.1985), wherein an amendment to LSA-R.S. 23:1021(7)(a) relative to the calculation of a claimant's hourly wage rate was not afforded retroactive application).
Payroll records introduced at trial reflect that claimant was paid at a rate of $80.00 per day. However, records show only those wages earned by him four days per week. Hutchinson admitted that all employees were paid an additional $80.00 per day for work performed on Friday and Saturday. Appellant did not maintain records with regard to wages earned on these days because taxes were not withheld. At trial, claimant testified that he worked six days a week, and Hutchinson agreed that claimant seldom missed work; thus, it is reasonable to assume that he worked on Friday and Saturday during the course of his employment with appellant.
Because payroll records are also incomplete as to the wages earned and the number of days worked during the twenty-six week period prior to claimant's heart attack, this court will determine his average weekly wage by using the four full weeks preceding the accident which are represented in the records. See Dupont v. Holiday Inn of Jennings, 96-684 (La.App. 3 Cir. 12/11/96); 685 So.2d 525. According to the wage report, during this period claimant earned $1,240.00 for work performed Monday through Thursday; and, we assume that he earned an additional $640.00 for work done on Friday and Saturday. Pursuant to the formula set forth in LSA-R.S. 23:1021(10)(d), we divide claimant's gross earnings ($1,880.00) by the number of days he actually worked (24). This amount is then multiplied by four, for a sum of $313.33. Accordingly, the judgment of the trier of fact should be amended to reflect an average weekly wage of this amount.
Appellant further claims that the trier of fact erred in awarding penalties and attorney's fees to claimant. A workers' compensation claimant is entitled to penalties and attorney's fees if benefits are withheld arbitrarily, capriciously, or without reasonable cause by the employer. LSA-R.S. 23:1201 F & LSA-R.S. 23:1201.2. However, such penalties should not be assessed when the employee's right to workers' compensation benefits has been reasonably controverted by the employer. LSA-R.S. 23:1201(F)(2). The test of whether the employee's right has been reasonably controverted depends primarily upon whether the employer or insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. Gordon v. Sandersons Farms, 96-1587 (La.App. 1 Cir. 5/9/97); 693 So.2d 1279.
Appellant contends that it was reasonable in its denial of benefits because no evidence was presented, prior to filing suit, to support claimant's allegation that his heart attack was work-related. The workers' compensation judge disagreed and held that appellant's handling of this claim was arbitrary, capricious and unreasonable.
First, the workers' compensation judge found that appellant acted arbitrarily and capriciously in failing to investigate this claim. Based on Hutchinson's testimony, it is clear that appellant was on notice of claimant's contention that he had sustained an on-the-job injury. Hutchinson admitted at trial that, following an inquiry from claimant concerning whether he may be entitled to workers' compensation benefits, he did not contact his insurer or conduct any further investigation before denying the claim. "If the employer or insurer fails to investigate the employee's *1172 claim, it subjects itself to penalties and attorney fees." Gordon, 96-1587, p. 10; 693 So.2d at 1286.
Further in support of his determination that appellant handled this claim in an arbitrary and capricious manner, the workers' compensation judge concluded that appellant acted unreasonably by "not sending claimant to a doctor at the time he was having chest pains...." Although Hutchinson observed that claimant was pale, short of breath and clutching his chest, he did not take claimant's complaints of illness seriously. Clearly, claimant was in need of immediate medical attention, yet Hutchinson provided him no assistance whatsoever.
Whether the refusal to pay workers' compensation benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed on appeal in the absence of manifest error. Elswick v. Highway Transport, 96-0014, (La. App. 1 Cir. 9/27/96); 680 So.2d 1364. Considering the facts and circumstances of this case, we find no error in the trier of fact's decision to award statutory penalties and attorney's fees.
Appellant contends, in its next assignment of error, that the trier of fact erred in giving greater weight to the testimony of Dr. Khan, claimant's treating physician, in concluding that physical work stress was the predominant cause of claimant's heart attack. Dr. Khan is a physician board-certified in the field of internal medicine with a sub-specialty in infectious disease. Appellant argues that the trier of fact should have attributed more weight to the testimony of Dr. Thomas Giles, a physician board-certified in internal medicine with a subspecialty in cardiology, who testified on its behalf at trial.
Experts' testimony may be given differing weights by the trier of fact depending on their qualifications and the facts upon which their opinions are based. For example, the general jurisprudential rule is that the diagnosis of the treating physician is entitled to more weight than that of a physician consulted solely for the purpose of litigation. Similarly, the testimony of a specialist is entitled to greater weight when the subject at issue concerns the particular field of the specialist's expertise. Benoit v. Maco Mfg., 93-0396, (La.App. 1 Cir. 3/11/94); 633 So.2d 1301. The trier of fact, however, "is not bound to accept the testimony of an expert whose testimony is presumptively given more weight if he finds the opinion is less credible than that of other experts." Ponthier v. Vulcan Foundry, Inc., 95-1343, p. 4 (La.App. 1 Cir. 2/23/96); 668 So.2d 1315, 1317.
While both physicians agreed that claimant's coronary arteriosclerosis was attributable to several risk factors, their conclusions as to the predominate and major cause of his heart attack were markedly different. As previously stated, Dr. Kahn was of the opinion that the physical exertion of raising the trailer was the principal cause of claimant's heart attack. On the other hand, Dr. Giles concluded that the heart attack was caused solely by pre-existing disease of the arteries. And, he further contended that the fact that claimant's chest discomfort occurred while he was performing strenuous labor was only coincidental. In fact, during the course of his deposition testimony, Dr. Giles refused to consider any scenario in which physical activity precipitates a heart attack.
The trier of fact determined that Dr. Kahn's testimony was more credible, and therefor, attributed greater weight to her opinion. Where a conflict in testimony exists, reasonable evaluations of credibility on the part of the trier of fact should not be disturbed upon review. Moore, 95-2042, p. 7; 674 So.2d at 483. We are unable to conclude that the trier of fact erred in attributing greater weight to the testimony of claimant's treating physician.
In its final assignment of error, appellant maintains that the trier of fact erred in allowing copies of a passage from a textbook into evidence. Claimant attempted to introduce the printed section on coronary artery spasm from a medical textbook which was cited by Dr. Giles as authority for his opinions. The passage was admitted into evidence over the objection of appellant. On appeal, appellant asserts that the passage is inadmissible hearsay since its author was not *1173 present at trial to be cross-examined. See Forstall v. Daigrepont, 551 So.2d 653 (La. App. 4 Cir.1989), writ denied, 556 So.2d 1279 (La.1990); Jennings v. Allstate Ins. Co., 273 So.2d 534 (La.App. 1 Cir.1973).
Initially, we recognize that workers' compensation judges are not strictly bound by the technical rules of the Code of Evidence. LSA-R.S. 23:1317 A requires that all findings of fact must be based upon competent evidence. Louisiana courts have interpreted this language to allow the introduction of some hearsay evidence at workers' compensation hearings. See American General Fire and Casualty Co. v. Louisiana Worker's Compensation Second Injury Board, 604 So.2d 46, 50, n. 1 (La.App. 1 Cir.), writ denied, 608 So.2d 176 (La.1992). However, even under these relaxed procedures, clearly inadmissible hearsay evidence should not be considered. Garvin v. Perret, 95-217 (La.App. 5 Cir. 2/14/96); 670 So.2d 1250, writ denied, 96-0674, (La.5/10/96); 672 So.2d 922.
In this case, a complete review of the record indicates that the workers' compensation judge gave the evidence little or no weight. In his written reasons for judgment, he did not include the passage when discussing expert testimony. Therefore, because we find that the admission of the evidence did not affect the outcome of the case, we need not specifically rule whether it was improperly admitted. See American General Fire and Casualty Co., 604 So.2d at 50.
Finally, we consider whether claimant is entitled to an additional award of attorney's fees. In a workers' compensation action, an increase in attorney's fees is generally awarded on appeal when the defendant appeals, obtains no relief and the appeal necessitated more work on the part of the claimant's attorney. Elswick, 96-0014, p. 11; 680 So.2d at 1370. In this case, because we have found merit to an issue raised by appellant, no additional attorney's fees are warranted.
For the reasons set forth above, the judgment of the trier of fact is amended to reflect an average weekly wage of $313.33. In all other respects, the judgment is affirmed. Costs are assessed to appellant, Keith Hutchinson Logging d/b/a Hutchinson Logging Forest Products & Management.
AMENDED IN PART, AND AFFIRMED AS AMENDED.
NOTES
[1] Claimant is male, middle-aged, and a smoker. He has high blood pressure, elevated blood cholesterol levels, and a positive family history of a cerebral vascular event, that is, his mother died after sustaining a stroke.
[2] Relative to this issue, appellant maintains that it should not have been held liable for medical expenses incurred by claimant as a result of his heart attack. Since we have determined that claimant has proven that his heart attack was work-related and that he is entitled to workers' compensation benefits, it follows that appellant is responsible for all reasonable medical expenses resulting therefrom. See LSA-R.S. 23:1203 A; Augustus v. St. Mary Parish School Board, 95-2498 (La.App. 1 Cir. 6/28/96); 676 So.2d 1144.