_[¿FOGG, J.
In this workers’ compensation suit, the employer raises issues of causation and fraud. In her answer, the former employee requests additional attorney’s fees and seeks sanctions against counsel for the employer. For the following reasons, we affirm the trial court and award additional attorney’s fees.
On May 1, 2000, Lynn Mallory was employed by Fairfield Inn[2] in the housekeeping department. On May 9, 2000, she fell while cleaning a bathtub in a guest room. Fairfield Inn paid some of Mallory’s medical expenses, but refused to pay disability benefits. Mallory filed a claim for workers’ compensation benefits, and Fairfield Inn reconvened asserting Mallory willfully made false statements to obtain benefits, in violation of LSA-R.S. 23:1208. Fair-field Inn moved for summary judgment on the issue of Mallory’s alleged fraud. After concluding the hearing on Fairfield Inn’s motion and the trial on the merits, the workers’ compensation judge found Fair-field Inn failed to prove the absence of a genuine issue of material fact concerning Mallory’s alleged fraud and denied the motion for summary judgment. The workers’ compensation judge then awarded Mallory indemnity and medical benefits, penalties, and attorney’s fees. Fairfield Inn appealed, and Mallory answered.
Fairfield Inn asserts the workers’ compensation judge erred in denying its motion for summary judgment as it is undisputed that Mallory provided Fairfield Inn false medical information concerning her prior leg problems and the length of her recovery from prior back surgery. Specifically, she denied any prior problems with either leg. However, her medical records *696 indicate that in September 1984, following back surgery of May 1984, Mallory complained to her treating surgeon of her left leg giving way. In addition, Fairfield Inn asserts Mallory’s statement that her recovery |sfrom a 1984 surgery lasted “maybe a year, maybe better” is in conflict with her actual recovery, which lasted two years and three months. It asserts that these statements constitute fraud and result in the forfeit of her right to receive workers’ compensation benefits.
LSA-R.S. 23:1208 provides that workers’ compensation benefits shall be forfeited by an employee who willfully makes a false statement for the purpose of obtaining workers’ compensation benefits. This statute applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers’ compensation benefits and encompasses any false statements or misrepresentations made to anyone, including the employer or physicians, when made willfully or deliberately for the purpose of obtaining benefits. Resweber v. Haroil Constr. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7.
Although Mallory’s statements may not have been completely accurate, we fail to see how such an insignificant failure to recall exact details concerning an event sixteen years prior to her injury could be considered willful false statements.
Fairfield Inn also asserts the workers’ compensation judge erred in admitting into evidence Mallory’s late-filed affidavit, offered in opposition to Fairfield Inn’s motion for summary judgment. We find any error was harmless. The declarations contained in the affidavit were merely restatements of Mallory’s testimony given at her deposition, which was entered into evidence by Fairfield Inn in support of its motion. See Bergeron v. Blake Drilling & Workover Co., Inc., 599 So.2d 827 (La.App. 1 Cir.), writs denied, 605 So.2d 1117, 1119 (La.1992). Fairfield Inn failed to establish an absence of material fact concerning any fraud committed by Mallory. The workers’ compensation judge properly denied Fairfield Inn’s motion for summary judgment.
Fairfield Inn asserts the workers’ compensation judge erred in finding Mallory met her burden of proving a com-pensable injury. A claimant must prove by a ^preponderance of the evidence that an employment accident occurred and that it had a causal relationship to the disability. A worker’s testimony alone may be sufficient to discharge this burden of proof if no other evidence discredits or casts serious doubt upon the worker’s version of the incident and the worker’s testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends, and by medical evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). The trier of fact’s determination as to whether a compensable injury was suffered is a question of fact and will not be disturbed unless manifestly erroneous or clearly wrong. Jackson v. Savant Ins. Co., 96-1424 (La.App. 1 Cir. 5/9/97), 694 So.2d 1178.
At trial, Mallory testified she had one foot inside and one foot outside the bathtub when she fell on her back and slid onto her left side. No one else witnessed her fall. She immediately reported the fall to a co-worker, who reported the accident to Mallory’s supervisor. Mallory was transported by her supervisor to the hospital. At the hospital, Mallory complained of back and leg pain, and she was diagnosed with a lumbar strain. An MRI did not reveal a herniated disc, but based on Mallory’s prior back surgery and her current *697 complaints of pain, Dr. Sefan Pribil, a neurosurgeon, recommended conservative treatment. Dr. Pribil opined Mallory was unable to work.
Mallory obtained a second opinion from Dr. Stuart Phillips, an orthopedic surgeon, who diagnosed Mallory with a recurrent disc herniations caused by her fall. Dr. Phillips initially recommended conservative treatment, but ultimately recommended surgery. Dr. Phillips found Mallory unablé to work. Dr. Claude Williams, an orthopedic surgeon, found a slight disc bulge but no evidence of recurrent disc herniations. He did not recommend surgery. Dr. Williams found Mallory could perform sedentary work.
IsDr. John Sweeney, an orthopedic surgeon, examined Mallory at Fairfield Inn’s request. Dr. Sweeney found Mallory’s symptoms exaggerated and no recurrent disc herniations attributable to the May 9, 2000 fall. Dr. Sweeney diagnosed Mallory with low back pain and did not recommend surgery. Dr. Sweeney did not find Mallory impaired from working as a housekeeper.
After a thorough review of the record, we find no manifest error in the workers’ compensation judge’s determination that Mallory satisfied her burden of proving a compensable injury.
Fairfield Inn disputes Mallory was hired as a full-time employee. Fairfield Inn asserts Mallory was a part-time employee, hired to work between sixteen and thirty hours per week. Mallory testified she was hired to work full-time, and she would not have accepted an offer of part-time employment. Although Mallory’s personnel records are marked “PT”, allegedly indicating part-time status, this handwritten notation does not appear to be in Mallory’s handwriting. Moreover, Patricia LeBlanc, general manager of Fairfield Inn, testified that Fairfield Inn had never had a part-time employee. Therefore, we cannot say the workers’ compensation judge erred in finding Mallory was a full-time employee.
Fairfield Inn also asserts the workers’ compensation judge erred in awarding Mallory penalties and attorney’s fees. Fairfield Inn contends penalties are not available upon the discontinuation of workers’ compensation benefits, citing LSA-R.S. 23:1201.2. In addition, Fairfield Inn maintains there was sufficient grounds for controverting Mallory’s claim, thereby precluding the assessment of penalties and attorney’s fees pursuant to LSA-R.S. 23:1201(F)(2).
A workers’ compensation claimant is entitled to penalties and attorney’s fees if an employer fails to timely pay compensation benefits unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. LSA-R.S. 23:1201(F). Brown v. Texas iLttfi Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. To determine whether the claimant’s right has been reasonably controverted, a court must ascertain whether the employer or his insurer engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Brown, 721 So.2d at 890. Whether the refusal to pay workers’ compensation benefits warrants the imposition of penalties and attorney’s fees is a factual question which will not be disturbed on appeal in the absence of manifest error. McClendon v. Keith Hutchinson Logging, 96-2373 (La.App. 1 Cir. 11/7/97), 702 So.2d 1164, writ denied, 97-2872 (La.2/13/98), 706 So.2d 995.
*698 The workers’ compensation judge found Fairfield Inn was unreasonable in controverting Mallory’s claim. The workers’ compensation judge found Mallory reported the accident and gave her coworkers consistent facts concerning the accident. Dr. Pribil found Mallory in severe pain, in need of a lumbar brace, and unable to work. Dr. Phillips found Mallory unable to work and recommended surgery. Fairfield Inn failed to discredit Mallory with inconsistent statements she made concerning her 1984 surgery. Therefore, we cannot say the workers’ compensation judge’s findings concerning the imposition of penalties and attorney’s fees based on Fairfield Inn’s non-payment of benefits were clearly wrong. However, considering Mallory’s answer requesting additional attorney’s fees, we award her $1,500.00 for attorney’s fees on appeal.
Finally, Mallory asserts counsel for Fairfield Inn should be sanctioned for asserting fraud allegations. Mallory contends the accusations contained in Fair-field Inn’s brief to this court, that she lied, committed perjury, and “needed to be taught a lesson,” were unprofessional. Appellate briefs are regulated by Uniform Rules-Courts of Appeal, Rules 2-12.4 and 2-12.5, which require language in a brief to be | ycourteous and free from offensive expressions and insulting criticism. Violations subject the author of the brief to punishment for contempt of court, and to having the brief returned.
Fraud is a misrepresentation or a suppression of the truth. LSA-C.C. art. 1953. Allegations of fraud, therefore, necessarily include accusations that Mallory lied or committed perjury. While we find some of Fairfield Inn’s counsel’s choice of words to be harsh, we cannot say that it rises to the level that warrants the imposition of sanctions.
For the foregoing reasons, we affirm the judgment of the workers’ compensation judge. Lynn Mallory is awarded the sum of $1,500.00 in attorney’s fees for work performed on this appeal. Costs of this appeal are assessed against Fairfield Inn.
AFFIRMED.

. Fairfield Inn is operated by Pineapple Management Services, Inc., the named defendant in this matter.