THIBODEAUX, Chief Judge,
dissenting in part.
hi dissent from the refusal of the majority to award penalties and attorney fees. The majority recognizes that “this case turns almost entirely on Ardoin’s credibility at trial. The trial court accepted his version, but the employer should not be penalized for the absence of evidence to further controvert this case.” There is a complete absence — which the majority concedes — to controvert this case.
If the employer fails to timely pay workers’ compensation benefits, the employee is entitled to penalties and reasonable attorney fees unless the employee’s claim is reasonably controverted. See La. R.S. 23:1201. It is well known that an employer could reasonably controvert a claim if the employer “engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.” Brown v. Texas-LA Cartage, Inc., 98-1063, p. 9 (La.12/1/98), 721 So.2d 885, 890. The employer has a continuing duty to investigate its employee’s claim and to assess factual information before it denies the benefits. Penn v. Wal-Mart Stores, Inc., 93-1262 (La.App. 3 Cir. 6/15/94), 638 So.2d 1123, writ denied, 94-1835 (La.10/28/94), 644 So.2d 651. Thus, failure to investigate the employee’s claim subjects the ^employer or insurer to penalties and attorney’s fees. McClendon v. Keith Hutchinson Logging, 96-2373 (La.App. 1 Cir. 11/7/97), 702 So.2d 1164, writ denied, 97-2872 (La.2/13/98), *186 706 So.2d 995. Finally, “a workers’ compensation claimant is entitled to an increase in attorney’s fees for time incurred in defending an employer’s unsuccessful appeal.” Warren v. Maddox Hauling, 02-733, p. 6 (La.App. 3 Cir. 12/4/02), 832 So.2d 1082, 1087, writ denied, 03—4 (La.4/21/03), 841 So.2d 791.
Firestone argued that it had nothing to investigate because Ardoin “concealed the accident when asked the question directly by the safety supervisor.” Yet, Firestone did not investigate before it denied Ar-doin’s workers’ compensation benefits claim which was filed in December 2007. Firestone did not present any evidence, either factual or medical, that would reasonably counter Ardoin’s account of the events and his medical evidence. Thus, I conclude no manifest error occurred with the WCJ’s finding that Firestone did not reasonably controvert Ardoin’s claim.
For the foregoing reasons, I respectfully dissent.